IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr., d/b/a Singletary Tax Services, )<br><br>Plaintiff, )<br><br><br>vs. )<br><br>South Carolina Department of Education)<br>(First Steps), Dan Covey (Procurement )<br>Officer), Cherry Bekaert & Holland LLP, )<br>Alan Robinson, Elliot Davis, LLC, Laurie )<br>Smith, all collectively and Individually )<br>and others to be named, )<br><br>Defendants. )<br>_____ ) | Civil Action No. 3:11-1449-MBS-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on the defendants' various motions to dismiss [Doc. 20, 27, 34, 40] and the plaintiff's motion to stay [Doc. 60]. The plaintiff has pled numerous federal and state law claims.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

## FACTUAL BACKGROUND

The allegations and facts from the plaintiff's Amended Complaint stem from the efforts of the South Carolina Materials Management Office ("MMO") to procure accounting services for the First Steps County Partnerships pursuant to S.C. Code Ann. § 11-35-1530. The Request for Proposal ("RFP") originally issued by MMO provided an opening bid date and time of May 9, 2011 at 2:30 p.m. Subsequently, MMO issued an amended RFP, which provided an opening bid date and time of May 17, 2011 at 2:30 p.m.

The plaintiff, doing business as Singletary Tax Services, timely submitted a bid in response to the RFP.  On May 31, 2011, however, MMO posted its Intent to Award the two (2) accounting service contracts to Defendant Cherry Bekaet & Holland, LLP ("CB&H"), and Defendant Elliott Davis, LLC ("Elliott Davis"), instead of the plaintiff.

By letter dated June 7, 2011, the plaintiff filed a bid protest with the appropriate Chief Procurement Officer ("CPO") challenging MMO's intent to award the accounting service contracts to Defendant CB&H and Defendant Elliott Davis pursuant to S.C. Code Ann. § 11-35-4210(2)(b).

Thereafter, the plaintiff filed his original Complaint with this Court on or about June 14, 2011.  The plaintiff alleges that the defendants conspired against him to rig the bid process and in so doing violated the South Carolina Procurement Code and his rights in equal protection under the United States Constitution.

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief.  In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than

2

the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

The Court is careful in these types of cases, where *pro se* litigants are tasked with prosecuting a difficult case. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). The defendants would complain that the plaintiff has not explained himself well enough. In some respects, the plaintiff says too much. In either case, the real difficulty is not one of specificity, or its lack, but of a layperson attempting to connect the passions of his apparent factual grievance to the complexities of the law, in which he is untrained. That is not to his discredit. The undersigned would likewise fumble comparably in expressing herself were she to wade into a conversation regarding accounting, industry for which the plaintiff is apparently expert. For these reasons, the Court views the pleadings of the *pro se* litigant with significant liberality, knowing that a claim may lie even where it is not well explained, or suitably identified.

**I.  Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith**

Nevertheless, in this case and in the responses of the plaintiff to the various motions to dismiss, enough is not done to suggest that a viable action lies for predicate facts attributable to most of the defendants. The Court would be more specific.

Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith were the recipients of the contract from the bid process at issue in this case. By the Amended Complaint's own implicit admission, they were not any governmental or other party tasked with actually conducting the bid process or awarding the subsequent bid. The plaintiff does not aver or contend differently. While the Amended Complaint makes generalized accusations concerning conspiracy and collective action of these defendants, in concert with Defendants South Carolina Department of Education (First Steps) and Dan

Covey (Procurement Officer), to deprive him of the bid at issue (see Amend. Compl. at 33-34), the plaintiff has not pled any specific acts or any suspected participation of these defendants in a conspiracy that would create liability for a rigged bid. In the vaguest respect he accuses Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith of some unidentified and illegal participation in the purported "bid rigging." This is insufficient.

As presaged in the Court's standard of review, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1950 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

Typically, however, the Court would permit some opportunity to cure, by way of amendment. That seems an improvident solution here. He has already amended the Complaint once and the allegations in the amended pleading are not any more developed with respect to these defendants than in the original. [Compare Doc. 1 at 8-9 with Doc. 5 at 33-34.] Moreover, the defendants, all told, have filed four motions to dismiss. In every response thereto, the plaintiff has failed to offer or imply any greater specificity as to the accusations against these defendants than was initially present in his Amended Complaint or the Complaint before it. He does not really even suggest that he has more if only given the opportunity to explain it. He is principally silent in the face of the argument that he has failed to accuse Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith of anything. Leave to amend now, therefore, would either be ineffectual because there are no additional facts to append or it would tend to invite aggrandizement of the story in ways not suggested in the numerous opportunities the

4

plaintiff has already had to present  his account.  The Court would not recommend any leave to amend or to make a more definite statement, under the circumstances.

Because there are no facts pled upon which a claim for relief can be maintained against Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith their motions to dismiss should be granted and the claims against them, of whatever sort, dismissed.

## II.    South Carolina Department of Education and Dan Covey

While admittedly difficult to follow, the plaintiff has levied numerous specific allegations against Defendants SCDE and Dan Covey.  The plaintiff has complicated his filings, the Amended Complaint in particular, by including in the middle of his pleadings a vast collection of documents, which the Court would not treat as a part of the actual Complaint.  He appears to allege various errors in the bid process, including no public bid opening, failure to give proper notices, and that ultimately he was not granted the bid even though his was lower than at least one of the competitors.  (Amend. Compl. at 2, 4.)  He contends that Covey, a procurement officer of the SCDE, was party to the actions and in other respects violated the South Carolina Procurement Code by tampering with the bid process and failing to give him necessary information.  (Amend. Compl. at 2.)  The case is predominantly, almost exclusively, one alleging violations of the South Carolina Procurement Code, S.C. Code § 11-35-1410, -4210.

With respect to the minimal federal quality of the suit, the plaintiff summarily contends, in one sentence, that his rights in equal protection have been violated on account of his "race creed and color," pursuant to 42 U.S.C. § 2000e and 28 U.S.C. § 1983. (Amend. Compl. at 33.)  While the plaintiff has shotgunned a litany of other federal statutes, including the Clayton Antitrust Act; the Federal Trade Commission Act of 1914 title 15; Robinson-Patman Act of 1936; and the Interstate commerce Act of 1887, he has not hinted, either in his Complaint, Amended Complaint, or in his many responses, as to what facts

5

implicate these statutes or which provisions of them are at issue.  In reviewing those statutes, the Court cannot see how recovery is available to him on the basis of the facts alleged.  Those claims, in the least should be dismissed.

As to the plaintiff's Title VII claim, 42 U.S.C. § 2000e is inapplicable here.  To bring a successful Title VII claim, a plaintiff must demonstrate the existence of a required employment relationship, either an employee or an applicant for employment.  *See* 42 U.S.C. § 2000e(f), -2; 29 C.F.R. § 1614.103(c). Independent contractors, therefore, are not counted as employees for purposes of federal anti-discrimination statutes like Title VII and the ADA.  *See Farlow v. Wachovia Bank of North Carolina, N.A.*, 259 F.3d 309, 313–14 (4th Cir. 2001).  Absence of the required employment relationship deprives a plaintiff of standing to pursue a Title VII claim.  *See Jacob-Mua v. Venemen*, 289 F.3d 517 (8th Cir.2005) (holding that a non-employee volunteer lacks standing to bring a retaliation claim under title VII).  Courts view bid contractors, like the plaintiff here, as neither employees nor applicants for employment.  *See, e.g., Gayden v. HQ Fort Dix*, 2006 WL 2318917, at *5 (D.N.J. August 09, 2006) ("Plaintiff did not possess an employment relationship with any named or otherwise appropriate Defendant in this case at the relevant time. Rather, the plaintiff was merely an unsuccessful bidder for a government contract.")

Additionally, the plaintiff has not exhausted any remedies with respect to a Title VII claim.  *See Davis v. North Carolina Dept. of Correction*, 48 F.3d 134, 136-37 (4th Cir. 1995). It should be dismissed.

Thus, in regards to federal claims, only the plaintiff's 28 U.S.C. § 1983 remains, as to SCDE and Covey.  SCDE, as a state agency, however, is not a person under Section 1983 and, therefore, is not a proper party.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Mendez v. Pennsylvania Dept. of Corrections*, 233 Fed. Appx. 159, 161 (3rd 2007); *Gore v. Conway Police Dep't*, 2008 WL 2566985, at *2 (D.S.C. June 26, 2008).

Covey although an actual person, has only been sued in his official capacity.  The

6

Court cannot discern any allegations against him, which might qualify as being outside the scope of his employment. The plaintiff generally accuses Covey of not returning phone calls and providing insufficient information regarding the bid process. (Amend. Compl. at 2.) Even if true, these are not constitutionally relevant violations and do not imply conduct outside the scope of his official duties. Accordingly, suing Covey would be akin to suing the State itself for money damages, which is impermissible. *See Will*, 491 U.S. at 71.

Essentially for the same reasons, even if the plaintiff could make a claim against Covey in his individual capacity, the Court would recommend that qualified immunity should apply. The doctrine of qualified immunity protects governmental officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). When an official properly asserts the defense of qualified immunity, the official is entitled to dismissal if either: (1) the facts, taken in the light most favorable to the plaintiff, do not present the elements necessary to state a violation of a constitutional right; or (2) the right was not clearly established, such that it would not have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Pearson v. Callahan*, 555 U.S. 223, 231–32, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). As already discussed, the plaintiff's allegations that Covey was less than responsive in providing information or otherwise communicating (Amend. Compl. at 2), even if fully true, are not constitutionally cognizable. Qualified immunity shields the conduct.

## III.    State Law Claims

Having recommended the dismissal of the plaintiff's federal claims against the defendants, the Court declines to recommend the exercise of jurisdiction over whatever state law claims the plaintiff may have against the defendants, Covey and SCDE. *See* 28 U.S.C. § 1367(c); *see, e.g., Patterson v. City of Columbia*, 2003 WL 23901761, at *5 (D.S.C.

Dec 29, 2003) ("Patterson has raised various state law claims against all Defendants. Because the federal claims must be dismissed, the court declines to exercise jurisdiction over the remaining state law claims.")  Thus, the state law claims, if any, should be dismissed without prejudice for refiling in state court.

Regarding the plaintiff's state law and statutory claims for violations of the bid process, specifically, it appears that the South Carolina Procurement Code is the exclusive remedy to bidders:

> The rights and remedies granted in this article to bidders, offerors, contractors, or subcontractors, either actual or prospective, **are to the exclusion of all other rights and remedies of the bidders, offerors, contractors, or subcontractors against the State**. [emphasis supplied].

S.C. Code Ann. § 11-35-4210(c) (emphasis added).  Accordingly, for this additional ground, such state law claims should be dismissed without prejudice.[1]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motions to dismiss [Doc. 20, 27, 34, 40] should be GRANTED.  Specifically, all claims against Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith should be dismissed *with prejudice*.  All claims against SCDE and Dan Covey should be dismissed *with prejudice,* except for any state law claims, which should be dismissed *without prejudice*.  The plaintiff's motion to stay [Doc. 60] should be DENIED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 3, 2012
Charleston, South Carolina

---

[1]    SCDE has also argued that the plaintiff cannot pursue any claim pursuant to the Procurement Code because he has not exhausted his administrative remedies.  The Court is not fully comfortable with the demands of any exhaustion requirement here, but it appears that the issue is moot insofar as the appeal has been rejected and exhaustion, therefore, complete. [Doc. 60-1, -2.]