IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr., d/b/a Singletary Tax Services, | ) ) C.A. No. 3:11-1449-MBS-BHH |
| Plaintiff, | ) ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| South Carolina Department of Education (First Steps), Dan Covey (Procurement Officer), Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis LLC, Laurie Smith, all collectively and individually and others to be named, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Plaintiff John G. Singletary, Jr. ("Plaintiff") brought this pro se action pleading numerous federal and state law claims related to unlawful procurement. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., the action was referred to United States Magistrate Judge Bruce H. Hendricks for review of pretrial matters. This matter is before the court on Defendants' various motions to dismiss (ECF Nos. 20, 27, 34, 40), Plaintiff's motion to stay (ECF No. 60), Plaintiff's motion for recusal and stay (ECF No. 71), and Plaintiff's request to amend the pleadings, which is set forth in his objections to the Magistrate Judge's Report and Recommendation (ECF No. 71).

**Background**

In or around May 2011, the South Carolina Materials Management Office ("MMO") sought to procure accounting services for Defendant South Carolina Department of Education's First Steps County Partnerships program ("SCDE") pursuant to S.C. Code Ann. § 11-35-1530. Originally, MMO issued a request for proposal ("RFP") with an opening bid date and time of

May 9, 2011 at 2:30 p.m. Subsequently, MMO issued an amended RFP that provided an opening bid date and time of May 7, 2011 at 2:30 p.m. Plaintiff submitted a timely bid in response to the RFP. On May 31, 2001, MMO posted its intent to award two accounting service contracts to Defendants Cherry Bekaert and Holland, LLP and Alan Robinson, a partner thereof (collectively referred to as "CB&H") and Defendants Elliott Davis LLC and Laurie Smith, a member thereof (collectively referred to as "Elliott Davis"). By letter dated June 7, 2011, Plaintiff filed a bid protest pursuant to S.C. Code Ann. § 11-35-4210(2)(b) with the appropriate Chief Procurement Officer ("CPO"), challenging MMO's intent to award the accounting service contracts to Defendants CB&H and Elliott Davis. On June 14, 2011, Plaintiff filed the instant complaint, alleging that Defendants conspired to prevent Plaintiff from acquiring the state contract for accounting services in violation of the South Carolina Procurement Code and various federal laws. Plaintiff alleged that Defendant Dan Covey ("Covey") did not adhere to various guidelines related to administering the bid process and unlawfully tampered with documents involved in the bid process. Subsequently, Defendants filed their respective motions to dismiss (ECF Nos. 20, 27, 34, 40). On November 18, 2011, Plaintiff filed a motion to stay the action "until this court adjudicates the matter on the merits" (ECF No. 60).

On February 3, 2012, the Magistrate Judge filed a Report and Recommendation in which she recommended that the complaint against Defendants CB&H and Elliott Davis be dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff alleged no facts connecting any of these Defendants to the alleged "bid rigging." The Magistrate Judge noted that Plaintiff appeared to make generalized accusations concerning the involvement of these Defendants in a conspiracy, but did not specify any facts as to what their involvement was beyond being the recipients of the state contracts.

The Magistrate Judge explained that permitting Plaintiff to cure the complaint as to these Defendants by way of amendment would be an improvident solution, because Plaintiff had already amended the complaint once. The Magistrate Judge noted that the allegations in the amended complaint as well as Plaintiff's responses to the Defendants' respective motions to dismiss were not any more developed than the insufficient allegations in Plaintiff's original complaint.

The Magistrate Judge also recommended that Plaintiff's federal claims pursuant to the Sherman Anti-Trust law, Clayton Antitrust Act, the Federal Trade Commission Act of 1914, The Robinson-Patman Act of 1936, and the Interstate Commerce Act of 1887 be dismissed with prejudice because Plaintiff failed to allege what facts implicated these statutes or which statutory provisions were allegedly violated.

As to Plaintiff's Title VII claim against Defendants SCDE and Covey, the Magistrate Judge found that Plaintiff failed to allege a sufficient employment relationship as required under Title VII. She explained that Plaintiff, as a bid contractor, is not an employee or applicant for employment, but rather an independent contractor. Furthermore, the Magistrate Judge found that Plaintiff failed to exhaust remedies as required with regard to his Title VII claim. As such, the Magistrate Judge found that Plaintiff's Title VII claims were barred as a matter of law and recommended that the Title VII complaint be dismissed with prejudice as to these Defendants.

As to Plaintiff's 28 U.S.C. § 1983 claims against Defendants SCDE and Covey, the Magistrate Judge found that SCDE, as a state agency, is not a person under § 1983 and is therefore not a proper party. Further, the Magistrate Judge found that Defendant Covey was being sued in his official capacity for actions within the scope of his employment, and therefore, the suit against Covey was an impermissible suit against the State itself. However, the

Magistrate Judge found that even if Plaintiff had made a claim against Defendant Covey in his individual capacity, Plaintiff's allegations that Covey was less than responsive in providing information or otherwise communicating about the bid process are not constitutionally cognizable and therefore, qualified immunity would shield Defendant Covey. Thus, the Magistrate Judge recommended dismissing Plaintiff's § 1983 claims against both of these Defendants with prejudice.

Lastly, the Magistrate Judge denied Plaintiff's motion to stay and recommended that the court decline jurisdiction over the remaining state law claims and dismiss them without prejudice. On February 14, 2012, Plaintiff filed objections to the Report and Recommendation that were styled "Plaintiffs Response to Magistrates Report and Recommendation" and "Motion for Recusal and Stay of Proceedings." On February 21, 2012, Defendant CB&H filed a response to Plaintiff's objections. On February 23, 2012, Defendant Elliott Davis filed a response to Plaintiff's objections.

## **Analysis**

*Standard of Review*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to

a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

*Motion for Recusal*

Plaintiff first alleges that the Magistrate Judge should be recused because she was not an impartial and detached arbiter of facts. Plaintiff alleges that the Magistrate Judge failed to consider the changes appearing in the evaluation bid sheets as evidence of unlawful conduct in violation of the state and federal laws cited. Next, Plaintiff alleges that the Magistrate Judge ridiculed Plaintiff's case with remarks regarding Plaintiff's efforts to present and develop the case. Next, Plaintiff alleges that the Magistrate Judge failed to mention the exact language of the MMO procurement bid guidelines in her Report and Recommendations, which stated that the bids "must" be opened publicly and in the presence of one or more witnesses at the time and place designated in the invitation for bids. Next, Plaintiff alleges that the Magistrate Judge rejected concrete proof that the procurement officer illegally altered documents. Plaintiff also alleges that the Magistrate Judge displayed partiality by labeling the end of the Report and Recommendation "Conclusion and Recommendation," so as to signal a final judgment with no possibility for recourse.

Lastly, Plaintiff states that there is an appearance of impropriety in his case because the SCDE is a party to the case and Magistrate Judge Hendricks serves on an educational board. Further, Plaintiff alleges that Magistrate Judge Hendricks has donated to the College of Charleston and that since the College of Charleston is allegedly connected with the South Carolina Department of Education, the Magistrate Judge should have recused herself.

Judicial recusals are governed by a framework of interlocking statutes. Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all judges of the United

States have a general duty to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. Under § 455(b), Congress offers a list of other situations requiring recusal, including where a judge has a personal bias or prejudice concerning a party or when he has a financial interest in the subject matter in controversy that could be substantially affected by the outcome of the proceedings. However, bias or prejudice generally must be based on something other than what the judge has learned from his participation in the case. Id. (citing Liteky v. United States, 510 U.S. 540, 545 n.1 (1994)). The Supreme Court explained that opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceeding, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 554. Also, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Id. at 555. Furthermore, judicial remarks that are critical or disapproving of, or even hostile to counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge. Belue, 640 F.3d at 573 (citing Liteky, 510 U.S. at 554).

In order to achieve recusal based on in-trial predispositions or bias, judicial conduct must be egregious and the party seeking recusal must overcome a high bar. See United States v. Antar, 53 F.3d 568 (3d Cir. 1995) (where the court held that recusal was justified because the judge stated that his objective in the case from day one had been to recover funds that the defendants had taken from the public); see also Sentis Group, Inc. v. Shell Oil Co., 559 F.3d 888 (8th Cir. 2009) (where recusal was appropriate because the judge directed profanities at Plaintiffs or Plaintiffs' counsel over fifteen times and refused to allow Plaintiffs to present their argument at the sanctions hearing). "While recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574.

There is no merit in Plaintiff's allegation that the Magistrate Judge is a bias arbiter simply because she failed to consider certain pieces of evidence in her Report and Recommendation. The Magistrate Judge's decision regarding what pieces of evidence to consider in her Report and Recommendation is essentially a judicial ruling that is not ordinarily a valid basis for a bias or partiality motion. Similarly, Plaintiff's objection that the Magistrate Judge failed to describe certain pieces of evidence with specificity in her Report and that she labeled her recommendation section as "conclusion and recommendation" is not appropriately evidence of bias. Next, Plaintiff's allegation that the Magistrate Judge "ridiculed" Plaintiff's case with her remarks cannot support a motion to recuse, because judicial remarks that are critical of a party or case ordinarily do not support a bias or partiality challenge.

Plaintiff's allegation that there is an appearance of impropriety because Magistrate Judge Hendricks serves on an educational board is insufficient, because Plaintiff has not specified what educational board Judge Hendricks serves on or what that board's relationship is to SCDE, a party in this case. Lastly, Plaintiff's allegation that Magistrate Judge Hendricks is biased because she allegedly made a donation to the College of Charleston, an institution that is allegedly related to SCDE, is without merit. Plaintiff presents no evidence regarding the precise connection between SCDE and the College of Charleston or why the donation constitutes evidence of bias in this particular case. Plaintiff also fails to present any evidence demonstrating that Magistrate Judge Hendricks has a financial interest in the subject matter in controversy that could be substantially affected by the outcome of the proceedings against Defendant SCDE. Accordingly, Plaintiff's motion to recuse Magistrate Judge Hendricks (ECF No. 71) is denied. Plaintiff's objections also contain a motion to stay the action until the court, the Fourth Circuit, or the Judicial Conference Committee on Codes of Judicial Conduct decides a further course of

action.  Since the court has made a ruling as to Plaintiff's motion to recuse, Plaintiff's motion to stay (ECF No. 71) is also denied.

*Title VII and § 1983 Claims against SCDE*

The Magistrate Judge recommended that Plaintiff's Title VII claims against Defendant SCDE be dismissed as a matter of law, because Plaintiff is not in an employment relationship with Defendant SCDE.  Plaintiff made no specific objections to this finding; therefore, the court need not conduct a de novo review of this issue.  The court agrees with the Magistrate Judge's recommendation and hereby dismisses Plaintiff's Title VII claim against SCDE with prejudice. See 28 U.S.C. § 636(b)(1); Orpiano, 687 F.2d at 47-48.

The Magistrate Judge also recommended that Plaintiff's 28 U.S.C. § 1983 claim against SCDE fails, because SCDE, as a state agency is not a person under § 1983 and therefore, is not a proper party.  Plaintiff made no specific objections to this finding; therefore, the court need not conduct a de novo review of this issue.  The court agrees with the Magistrate Judge's finding and hereby dismisses Plaintiff's § 1983 claims against SCDE with prejudice. See 28 U.S.C. § 636(b)(1); Orpiano, 687 F.2d at 47-48.

*Title VII and § 1983 Claims against Defendant Covey*

The Magistrate Judge recommended that Plaintiff's Title VII claims against Defendant Covey be dismissed as a matter of law, because Plaintiff is not in an employment relationship with Defendant Covey.  Plaintiff made no specific objections to this finding; therefore, the court need not conduct a de novo review of this issue.  The court agrees with the Magistrate Judge's finding and hereby dismisses Plaintiff's Title VII claim against Defendant Covey with prejudice. See 28 U.S.C. § 636(b)(1); Orpiano, 687 F.2d at 47-48.

The Magistrate Judge also recommended that Defendant Covey is entitled to Eleventh Amendment immunity because he is being sued in his official capacity as an agent of the state. The Magistrate Judge contends that even if Defendant Covey was sued in his individual capacity, Plaintiff's claims against him should be dismissed because Defendant Covey is entitled to qualified immunity. The Magistrate Judge determined that Plaintiff has not alleged any cognizable constitutional claim against Defendant Covey and that Plaintiff's allegations of Defendant Covey's failure to return Plaintiff's phone calls or otherwise communicate with him regarding his bid protest is not constitutionally cognizable. Plaintiff made no specific objections to this finding. Nonetheless, the court has reviewed the Report and Recommendation and declines to adopt the Magistrate's recommendation on this specific point.

To the extent that Plaintiff's § 1983 claim is brought against Defendant Covey in his official capacity, the court agrees with the Magistrate Judge's finding that Plaintiff's claim should be dismissed with prejudice. However, the Magistrate Judge also considered Plaintiff's claim against Defendant Covey in his individual capacity, finding that qualified immunity barred the claim. This court will also consider Plaintiff's § 1983 claims against Defendant Covey in his individual capacity, noting that the header of Plaintiff's amended complaint lists all named Defendants followed by the phrase "all collectively and individually."

The doctrine of qualified immunity protects government officials performing discretionary functions from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). When a government official properly asserts the defense of qualified immunity, he is entitled to dismissal if either: 1) the facts, taken in the light most favorable to the plaintiff do not present the elements necessary to state a

violation of a constitutional or federal statutory right, or 2) the right was not clearly established such that it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Pearson v. Callahan, 555 U.S. 223, 231-32 (2009).

Defendant Covey stated that Plaintiff did not allege how Defendant Covey participated in the bid process violations. As such, Defendant Covey did not identify or mention Plaintiff's equal protection claim, nor did he address the specific prongs of qualified immunity as to the equal protection claim. However, Plaintiff has alleged in his amended complaint that Defendant Covey unlawfully tampered with documents relating to the procurement process and unlawfully made changes to the intent to award document to prevent Plaintiff from acquiring the contract. This fact, taken in the light most favorable to the Plaintiff, is sufficient to allege a violation of the equal protection clause of the Fourteenth Amendment. Plaintiff is essentially alleging that Defendant Covey discriminated against contract bidders such as himself by failing to apply the state procurement guidelines equally to all bidders. At this stage, the court finds that Defendant Covey has not fulfilled his burden of showing that he is entitled to qualified immunity. The court however, notes that Defendant Covey is permitted to re-allege his affirmative defense of qualified immunity in any subsequent dispositive motions.

*Request to Amend Pleadings*

Plaintiff's objections to the Report and Recommendation also included a request to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court indicated that a motion to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.

The Magistrate Judge recommended that leave to amend not be granted at least with regard to claims against Defendant CB&H & Defendant Elliott Davis. The Magistrate Judge contends that Plaintiff has already amended the complaint once and the allegations in the amended complaint as to these Defendants as well as Plaintiff's responses to their respective motions to dismiss are not any more developed as to facts than the original complaint. Accordingly, the Magistrate Judge finds that Plaintiff's filings do not suggest that he can allege more facts as to these Defendants' involvement in the alleged "bid rigging" conspiracy if given the opportunity.

Plaintiff's § 1983 claim against Defendant SCDE and his Title VII against Defendants SCDE and Covey claims were herein dismissed with prejudice, because they fail as a matter of law as was discussed earlier. Accordingly, leave to amend those claims would be futile. However, the court cannot say that an amended complaint as to Plaintiff's remaining federal and state claims against Defendants SCDE would be futile, since the basis for dismissal of those remaining claims is essentially insufficient pleading and lack of sufficient facts to render the claims plausible. It is possible that Plaintiff could allege additional facts in an amended complaint to make his remaining claims plausible; therefore, the court cannot say that leave to amend would be futile.

The court declines to adopt the recommendation of the Magistrate Judge that leave to amend should not be granted as to the claims against Defendants CB&H and Elliott Davis. Plaintiff's amended complaint was filed shortly after his original complaint and before Defendants' various motions to dismiss were filed; therefore, the amended complaint did not purport to address pleading insufficiencies identified by Defendants in their respective motions to dismiss. Plaintiff has not yet been given the opportunity to amend his complaint specifically

to cure pleading insufficiencies; therefore, the court cannot say that leave to amend would be futile at this junction.

After a thorough review of the Report and Recommendation, the Plaintiff's objections, the record in its entirety, and the applicable law, the court adopts the Magistrate Judge's findings in part and declines to adopt the findings in part. Defendant SCDE's motion to dismiss (ECF No. 20) is GRANTED in part as to the Title VII and § 1983 claims and DENIED as MOOT as to the remaining claims. Plaintiff's Title VII and § 1983 claim against Defendant SCDE are hereby dismissed with prejudice. Defendant Covey's motion to dismiss (ECF No. 40) is GRANTED in part as to the Title VII claim and DENIED as moot as to the remaining claims. Plaintiff's Title VII claim against Defendant Covey is hereby dismissed with prejudice. Defendant CB&H and Defendant Elliot Davis' respective motions to dismiss (ECF Nos. 27, 34) are DENIED as MOOT. Plaintiff's motion for recusal and stay of proceedings is DENIED (ECF No. 71). The court grants Plaintiff's request to amend his complaint as to the remaining claims. Any amended complaint must be filed within twenty-one days of the filing of this order. Since Plaintiff has been given the opportunity to file an amended complaint, Plaintiff's earlier motion to stay is DENIED as MOOT (ECF No. 60). The matter is recommitted to the Magistrate Judge for additional review and a Report and Recommendation.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

February 29, 2012
Columbia, South Carolina