IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr. d/b/a Singletary Tax Services, | )<br>)<br>) Civil Action No. 3:11-cv-01449-MBS-BHH |
| Plaintiff, | )<br>) **REPORT AND RECOMMENDATION** |
| vs. | ) **OF MAGISTRATE JUDGE** |
| South Carolina Department of Education, *First Steps*; Dan Covey; Elliott Davis LLC; Cherry Bekeart and Holland LLP *and others to be named*; Alan Robinson; and Laurie Smith, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

The Court enters this recommendation as an exercise of its inherent powers to administer the docket. Pending before the Court, without response, are two motions to dismiss, of the defendants [Docs. 89, 90], which are necessarily resolved by this recommendation.

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983, Title VII of the Civil Rights Act, and other federal and state law grounds. On February 29, 2012, Chief Judge Seymour entered an Order dismissing all of the plaintiff's claims, except for his 42 U.S.C. § 1983 claim against Defendant Dan Covey, in his individual capacity. [Doc. 75 at 9.] The district court also gave the plaintiff leave to amend claims against Defendants South Carolina Department of Education; Cherry, Bekeart, and Holland LLP; and Elliott Davis. *Id.* at 11.

The plaintiff moved for reconsideration of that Order. [Doc. 78.] On April 11, 2012, Chief Judge Seymour entered an Order denying Plaintiff's Motion for Reconsideration. [Doc. 84.] Chief Judge Seymour's Order stated, in relevant part:

> On February 29, 2012, the court filed a comprehensive order addressing Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

> Further, the court permitted Plaintiff to file an amended complaint by March 21, 2012. On March 20, 2012, Plaintiff filed a motion for reconsideration. Plaintiff's motion asserts that he sufficiently set forth a prima facie claim under 42 U.S.C. § 1983 against Defendants. Plaintiff does not challenge any specific error in the court's analysis of § 1983 immunity applicable to specific Defendants. The court has reviewed its order and DENIES Plaintiff's motion for reconsideration. The court also construes Plaintiff's motion as an attempt to comply with the court's order to file an amended complaint within the allotted time frame. Accordingly, the case is recommitted to the Magistrate Judge with instructions to order Plaintiff to bring the amended complaint into proper form and file it with the court as a separate document.

[Doc. 84.]

On April 20, 2012, the undersigned issued an Order requiring the plaintiff to file an Amended Complaint on or before May 3, 2012. (Dkt. No. 87.) That Order stated, *inter alia*,

> Pursuant to Chief Judge Seymour's ruling on the Motion for Reconsideration (Dkt. No. 78), Plaintiff is ORDERED to file an Amended Complaint on or before **May 3, 2012**. Plaintiff is specifically advised that if he fails to comply with this Order, the action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*. IT IS SO ORDERED.

[Doc. 87.]

Nevertheless, the plaintiff has not filed any Amended Complaint, as requested. Based on the foregoing, it appears the plaintiff no longer wishes to pursue any amended claims against Defendants South Carolina Department of Education; Cherry, Bekeart, and Holland LLP; and Elliott Davis. Accordingly, it is recommended that the action against those defendants be dismissed with prejudice for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

The undersigned, however, interprets the district court Order as not requiring any amended pleading to rescue the Section 1983 claim against Defendant Covey, in his

individual capacity; the original amended complaint was found sufficient to plead it. [Doc. 75 at 9.]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the entirety of this case, including claims both that were and which could have been pled, be dismissed with prejudice, except for the 42 U.S.C. § 1983 claim against Dan Covey, in his individual capacity. The motion to dismiss of Defendants Elliot Davis and Laurie Smith [Docs. 89], therefore, should be GRANTED and the motion to dismiss of Defendant Dan Covey [Doc. 90] should be DENIED.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

May 14, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).