IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr. d/b/a Singletary Tax Services, <br><br>　　　　　　　　　Plaintiff, <br><br>vs. <br><br>South Carolina Department of Education, *First Steps*; Dan Covey; Elliott Davis LLC; Cherry Bekeart and Holland LLP *and others to be named*; Alan Robinson; Laurie Smith; and Russell Brown, <br><br>　　　　　　　　　Defendants. | Civil Action No. 3:11-cv-01449-MBS-BHH <br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

The Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On April 11, 2012, Chief Judge Seymour entered an Order denying Plaintiff's Motion for Reconsideration. (Dkt. No. 84; see also Dkt. No. 78.) Chief Judge Seymour's Order stated,

> On February 29, 2012, the court filed a comprehensive order addressing Plaintiff's objections to the Magistrate Judge's Report and Recommendation. Further, the court permitted Plaintiff to file an amended complaint by March 21, 2012. On March 20, 2012, Plaintiff filed a motion for reconsideration. Plaintiff's motion asserts that he sufficiently set forth a prima facie claim under 42 U.S.C. § 1983 against Defendants. Plaintiff does not challenge any specific error in the court's analysis of § 1983 immunity applicable to specific Defendants. The court has reviewed its order and DENIES Plaintiff's motion for reconsideration. The court also construes Plaintiff's motion as an attempt to comply with the court's order to file an amended complaint within the allotted time frame. Accordingly, the case is recommitted to the Magistrate Judge with instructions to order Plaintiff to bring the amended complaint into proper form and file it with the court as a separate document.

(Dkt. No. 84.)

On April 20, 2012, the undersigned issued an Order requiring Plaintiff to file an Amended Complaint on or before May 3, 2012. (Dkt. No. 87.) That Order stated, *inter alia*,

> Pursuant to Chief Judge Seymour's ruling on the Motion for Reconsideration (Dkt. No. 78), Plaintiff is ORDERED to file an Amended

> Complaint on or before **May 3, 2012**. Plaintiff is specifically advised that if he fails to comply with this Order, the action will be subject to dismissal for failure to prosecute pursuant to F. R. Civ. P. 41(b), and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989). The dismissal will be considered an adjudication on the merits, i.e., *with prejudice*. IT IS SO ORDERED.

(Dkt. No. 87.)

On May 11, 2012, Defendants Dan Covey, Elliott Davis LLC, and Laurie Smith moved to dismiss for failure to prosecute, because Plaintiff failed to file an Amended Complaint within the time frame set by the undersigned's Order dated April 20, 2012. (See Dkt. No. 89; Dkt. No. 90.) On May 14, 2012, the undersigned issued a Report and Recommendation wherein it was recommended that Covey's Motion to Dismiss be denied and the motion filed by Elliott Davis LLC and Laurie Smith be granted. (Dkt. No. 91.) Thereafter, on May 16, 2012, Defendants Cherry Bekeart and Holland LLP and Alan Robinson filed a Motion to Dismiss for lack of prosecution. (Dkt. No. 93.)

On or about May 17, 2012, Plaintiff filed a Motion for Extension of Time to file his Amended Complaint, indicating that he had been unable to comply with the Court's Order dated April 20, 2012, because his brother had been shot and killed. (See Dkt. No. 94.) That same day, the undersigned issued a Text Order granting Plaintiff's motion, and vacating the Report and Recommendation dated May 14, 2012. (See Dkt. No. 95.) Plaintiff thereafter sought an additional extension, and was given until July 2, 2012, to file an Amended Complaint. (See Dkt. No. 102; Dkt. No. 101.)

Plaintiff filed an Amended Complaint on or about June 4, 2012. (See Dkt. No. 104.) Although Plaintiff missed a deadline in the instant case, he has resumed actively participating in and prosecuting the instant action. It is therefore RECOMMENDED, for the foregoing reasons, that the following motions be DENIED: (a) the Motion to Dismiss filed by Elliott Davis LLC and Laurie Smith (Dkt. No. 89); (b) the Motion to Dismiss filed by Dan

Covey (Dkt. No. 90); and (c) the Motion to Dismiss filed by Cherry Bekeart and Holland LLP and Alan Robinson (Dkt. No. 93).

      IT IS SO RECOMMENDED.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

June 6, 2012
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).