IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr., d/b/a Singletary Tax Services, | C.A. No. 3:11-1449-MBS-BHH |
| Plaintiff, | |
| vs. | **ORDER** |
| South Carolina Department of Education (First Steps), Dan Covey (Procurement Officer), Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis LLC, Laurie Smith, all collectively and individually and others to be named, | |
| Defendants. | |

Plaintiff John G. Singletary, Jr. ("Plaintiff") brought this pro se action pleading numerous federal and state law claims related to unlawful procurement. In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., the action was referred to United States Magistrate Judge Bruce H. Hendricks for review of pretrial matters.

On April 20, 2012, pursuant to this court's order, the Magistrate Judge issued an order requiring Plaintiff to file an amended complaint on or before May 3, 2012. Plaintiff failed to file an amended complaint within the allocated time frame. On May 11, 2012, Defendants Elliott Davis LLC and Laurie Smith as well as Defendant Covey moved to dismiss the case for failure to prosecute. See ECF Nos. 89, 90. On May 16, 2012, Defendants Cherry Bekeart and Holland LLP and Alan Robinson also filed a motion to dismiss for lack of prosecution. See ECF No. 93. On or about May 17, 2012, Plaintiff filed a motion for extension of time to file an amended complaint, indicating that he had been unable to comply with the court order because his brother had been shot and killed. The Magistrate Judge granted Plaintiff's motion and provided Plaintiff

until July 2, 2012 to file an amended complaint. Plaintiff filed an amended complaint on or about June 4, 2012. On June 6, 2012, the Magistrate Judge filed a Report and Recommendation in which she recommended denying the abovementioned motions to dismiss for failure to prosecute. The Magistrate Judge stated that although Plaintiff missed a deadline in the instant case, he had resumed actively participating in and prosecuting the instant action. No objections were filed to the Magistrate Judge's Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made. The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs with the Magistrate Judge's recommendation and incorporates the Report and Recommendation herein. Defendants' respective motions to dismiss, found at ECF Nos. 89, 90, and 93 are hereby DENIED.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

July 12, 2012
Columbia, South Carolina