IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr., d/b/a Singletary Tax Services, ) ) ) | |
| ) | Civil Action No. 3:11-1449-MBS-BHH |
| Plaintiff, ) ) ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) ) | |
| vs. ) ) | |
| Russell Brown, Dan Covey (Procurement ) Officer), Cherry Bekaert & Holland LLP, ) Alan Robinson, Elliot Davis, LLC, Laurie ) Smith, all collectively and Individually ) and others to be named, ) ) | |
| Defendants. ) ) | |

This matter is before the Court on the defendants' various motions to dismiss [Docs. 111, 112, 113, 119, 140] and the plaintiff's motion for subpoenas [Doc. 129]. As far as the Court can tell, the plaintiff has only pled federal causes of action, pursuant to 28 U.S.C. §§ 1983, for a violation of his Fourteenth Amendment rights under the United States Constitution, in equal protection and due process, and 42 U.S.C. § 1985. [See Doc. 104.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The allegations and facts from the plaintiff's Amended Complaint stem from the efforts of the South Carolina Materials Management Office ("MMO") to procure accounting services for the First Steps County Partnerships pursuant to S.C. Code Ann. § 11-35-1530. The following facts are not necessarily from the plaintiff's Amended Complaint but are

reasonably not in dispute. The Request for Proposal ("RFP") originally issued by MMO provided an opening bid date and time of May 9, 2011 at 2:30 p.m. Subsequently, MMO issued an amended RFP, which provided an opening bid date and time of May 17, 2011 at 2:30 p.m.

The plaintiff, doing business as Singletary Tax Services, timely submitted a bid in response to the RFP. On May 31, 2011, however, MMO posted its Intent to Award the two (2) accounting service contracts to Defendant Cherry Bekaet & Holland, LLP ("CB&H"), and Defendant Elliott Davis, LLC ("Elliott Davis"), instead of the plaintiff.

By letter dated June 7, 2011, the plaintiff filed a bid protest with the appropriate Chief Procurement Officer ("CPO") challenging MMO's intent to award the accounting service contracts to Defendant CB&H and Defendant Elliott Davis pursuant to S.C. Code Ann. § 11-35-4210(2)(b). The plaintiff contends that all of the defendants, acting together, conspired to physically change the bids so as not to award the Contract to him. [See Doc. 104.]

Thereafter, the plaintiff filed his original Complaint with this Court on or about June 14, 2011. The plaintiff alleges that the defendants conspired against him to rig the bid process and in so doing violated the South Carolina Procurement Code and his rights in equal protection and due process under the United States Constitution.

## **APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible

claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## DISCUSSION

Even after two, the plaintiff was given opportunity to file a third Complaint. [See Doc. 75, 76, 104.] The plaintiff was expressly "reminded that any Amended Complaint filed will supercede, or rather replace, his previous Complaint and, therefore, should be comprehensive, including whatever allegations the plaintiff has against the remaining defendants in this case, which have not already been dismissed by the Court." [Doc. 87.] As stated, in his most recent amended Complaint, the plaintiff has only pled federal causes of action, pursuant to 28 U.S.C. §§ 1983, for a violation of his Fourteenth Amendment rights under the United States Constitution, in equal protection and due process, and 42 U.S.C. § 1985. [See Doc. 104 at 2, 3, 5, 6 ("[A]ctions . . . of the named defendants acting individually and collectively at all times resulted in violations of plaintiffs 14th Amendment rights violations of title 42 USC 1983 and 1985 statutes. . . . and in concert with each other have deprived plaintiff of his right to due process and the equal protection of the law secured to him by the 14th Amendment of the U.S. Constitution."]

There are no other state or federal claims. The Court would consider each in turn.

**A.    42 U.S.C. § 1983 (Due Process and Equal Protection)**

**1.    Due Process**

The plaintiff's claim, as an unsuccessful bidder, for violation of his due process

rights must be dismissed. *See Sowell's Meats & Servs., Inc. v. McSwain*, 788 F.2d 226, 228 (4th Cir. 1986). In order for the plaintiff "to establish standing to maintain an action under § 1983 it must show that the [state] officials deprived [him] of a property interest or a right secured by the constitution and laws of the United States." *See id.* (citing Baker v. McCollan, 443 U.S. 137, 140 (1979)). As the defendants complain, aggrieved bidders for public contracts have no property interest to support a due process challenge. *Id.* (affirming district court's denial of standing to disappointed bidder in § 1983 claim because "South Carolina law does not confer a property interest on unsuccessful bidders for public contracts."). In order to be accorded protection of the due process clause, the complaining party must have a liberty or property interest within the meaning of the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). The United States Supreme Court has indicated that whether or not a property interest exists is a matter of state law. *See Bishop v. Wood*, 426 U.S. 341, 344 (1976). The Fourth Circuit and this District have expressly recognized that South Carolina does not confer a property interest on unsuccessful bidders for public contracts. *McSwain*, 788 F.2d at 228; *Sowell's Meats and Services, Inc. v. McSwain*, 618 F. Supp. 140, 145 (D.S.C.1985). The undersigned has found no South Carolina case to the contrary. The plaintiff does not seem to make any claim to the contrary.

Accordingly, any Section 1983 claim for violation of due process rights should be dismissed.

### 2.    Equal Protection

In contrast, it is not necessary to show a deprivation of a property interest to establish an equal protection claim. *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 931 (5th Cir. 1988); *Bosley v. Baltimore County, Md.*, 804 F. Supp. 744 (D.Md.1992). Rather, the equal protection clause essentially requires that all persons similarly situated be treated alike. *City of Cleburne, Texas v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439

(1985); *Plyler v. Doe*, 457 U.S. 202, 216 (1982). Because the clause's protection reaches only dissimilar treatment among similar people, if the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, then the action does not deny equal protection of the laws. *Mahone*, 836 F.2d at 931. Critically, "[i]n order to survive a motion to dismiss an equal protection claim, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus." *Equity In Athletics, Inc. v. Department of Educ.,* 639 F.3d 91, 108 (4th Cir. 2011); *see also Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir.2001); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560–61 (2007).

In no respect, has the plaintiff "challenge[d] the manner in which he has been 'classified'" by the defendants. *Mahone*, 836 F.2d at 931. He does not allege any protected classification, in race, gender, or ethnicity, as a basis for unequal protection. In fact, the Court is not sure that he ever has, in any version of his Complaint. If she has been told, the undersigned does not remember where and does not know what race the defendant is. Moreover, the Court has not been informed as to the relative race, ethnicity, gender, or religion of other bidders to the contract. Certainly, in this present Amended Complaint, which necessarily controls, there is no allegation, of any degree or specificity, as to the basis upon which the plaintiff was classified differently or treated disparately from others similarly situated.

The fact that he might have been treated more poorly than others, if at all, even maliciously, is not of constitutional import. The differential treatment must be alleged to have been based on an improper classification. The plaintiff makes no such claim.

The claim should be dismissed.

5

### B.     42 U.S.C. § 1985

The Court does not understand how this statute has any applicability to the plaintiff's allegations.  That being said, its elements are as follows:  (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property, or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters and Joiners of Am. v. Scott,* 463 U.S. 825, 829 (1983); *see also Patterson v. AutoZone Auto Parts, Inc.*, 2011 WL 379427, at *10 (D.S.C. Feb. 3, 2011).  As with the equal protection claim, a plaintiff must also set forth facts to show that "some racial, or perhaps otherwise class-based, invidious discriminatory animus lay behind the alleged conspirators' action."  *Thomas v. Roach*, 165 F.3d 137, 145 (2d Cir.1999); *see also Smith v. Coffy,*2011 WL 2418528, at *3 (D.S.C. June 13, 2011).

The Court has already observed that no such allegations are present in the Amended Complaint.  The claim should be dismissed.

### C.     Miscellaneous

The Court's recommendation to this point, justifies dismissal of the entire case. The Court would say a few things more.

In nearly all responses, the plaintiff contends that there is some jurisdictional problem with referral of the present motions to the undersigned magistrate judge. There is not. *See* 28 U.S.C. § 636.

Additionally, the plaintiff has abandoned his case against the South Carolina Department of Education.  The plaintiff, in his Amended Complaint, has not included the SCDE in the caption or in the list of defendants he names as part of the introduction to his Complaint. [Doc. 104.]  As the SCDE notes, it seems obvious that he has substituted

Russell Brown, an employee of SCDE, instead. Accordingly, SCDE should be dismissed from the case. Again, the plaintiff was warned that any amended pleading would control.

Although no longer squarely at issue, were the Court forced to recommend one way or the other, the actions of Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith may reasonably be considered under 42 U.S.C § 1983. A private party is considered a state actor for purposes of § 1983 if "'the deprivation [is] caused by the exercise of some right or privilege created by the State . . . [and] the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Gregg v. Ham,* 678 F.3d 333, 340 n.3 (4th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The Fourth Circuit has expressly held that this test is satisfied where the defendant "has acted together with or has obtained significant aid from state officials." *Id.* That is precisely what the plaintiff alleges – that Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith secured the bid through their intentional and fraudulent actions in concert with, and aided by, Russell Brown and Daniel Covey, both State officials. [Doc. 104 at 4.]

Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith were the recipients of the contract from the bid process at issue in this case. While the Amended Complaint makes generalized accusations concerning conspiracy and collective action of these defendants, in concert with Defendants South Carolina Department of Education (First Steps) and Dan Covey (Procurement Officer), to deprive him of the bid at issue [Doc. 104 at 4], the plaintiff has barely pled any specific acts or any suspected participation of these defendants in a conspiracy that would create liability for a rigged bid. In the vaguest respect he accuses Defendants Cherry Bekaert & Holland LLP, Alan Robinson, Elliot Davis, LLC, and Laurie Smith of some unidentified and illegal participation in the purported "bid rigging." He does say, in a way different than in his prior complaints, that such defendants "had prior communication with remaining defendants"

7

about the plan to alter bids.[1]  [Doc. 104 at 4.] In the absence of the Court's overriding recommendation for dismissal, this averment would probably enough.

The defendants complain that they are reputable and that they did not do it.  Such is not the measure of sufficiency at this stage, unfortunately.

For the intentional, knowing, and fraudulent conduct alleged, the Court could not recommend that qualified immunity would protect any party.  The plaintiff has been careful in his pleading to precisely accuse all of the defendants of an intentional conspiracy to physically alter, modify, tamper, or change by erasure the bid he submitted. (Compl. at 2-3.) Such allegations, if true, would support most of the causes alleged, were they to otherwise apply (but they do not).  The defendants have made substantial motions, relying even on evidence the plaintiff himself has previously attached to, or relied upon, in his Amended Complaint.  This is typically permissible.  *See Am. Chiropractic v. Tricron Healthcare*, 367 F.3d 212, 234 (4th Cir.2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999).  But, here, the facts and allegations are too obscured for the undersigned's comfort.  Many concern the physical condition of documents and notation, which the photocopied documents on their face do not fully illumine, as well as hidden actions and processes of the defendants. [Doc. 104 at 3.]  If it was required to consider the substance of the claims, the Court would decline to make such factual determinations, at this juncture, as they feel plainly incomplete and premature, notwithstanding some of the partial record admittedly already before the Court.  The Court would not, in this posture, measure any

---

[1] As presaged in the Court's standard of review and explained in its prior recommendation, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1950 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)). The prior Complaints were entirely insufficient with respect to these defendants. This Complaint would barely survive but for the Court's recommendation as to the applicability of the federal claims.

8

evidence as to its ability to create issues of fact, therefore. The language of the Complaint would control any substantive analysis.

For a variety of reasons, the defendants are correct that the plaintiff cannot come into this Court challenging alleged violations of procurement process or policy itself. That is not precisely what the Court interprets as the plaintiff's essential charge but to the extent such basis is intended, it would indeed be ineffective.

None of the foregoing "Miscellaneous" section, modifies the Court's central recommendation that the case be dismissed in its entirety.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motions to dismiss [Docs. 111, 112, 113, 119, 140] should be GRANTED and the entire case dismissed *with prejudice*. The plaintiff's motion for subpoenas [Doc. 129] is DENIED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 7, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).