# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr., d/b/a Singletary Tax Services, ) ) ) Plaintiff, ) v. ) ) The South Carolina Department of ) Education (First Steps), Russell ) Brown, Dan Covey (Procurement ) Officer), Cherry Bekaert & Holland ) LLP, Alan Robinson, Elliot Davis, ) LLC, Laurie Smith, all collectively ) and Individually and others to be ) named, ) ) Defendants. ) ) | Civil Action No. 3:11-01449-MBS<br><br><br><br><br><br>**ORDER AND OPINION** |

Plaintiff John G. Singletary, Jr., d/b/a Singletary Tax Services ("Plaintiff"), filed this action pro se pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendants The South Carolina Department of Education ("SCDOE"), Russell Brown ("Brown"), Dan Covey ("Covey"), Cherry Bekaert & Holland LLP ("CB&H"), Alan Robinson ("Robinson"), Elliot Davis, LLC ("ED"), and Laurie Smith ("Smith") (collectively "Defendants"). (ECF No. 104.) Plaintiff seeks to recover damages from Defendants collectively and individually for alleged violations of his Fourteenth Amendment rights to due process and equal protection and for an alleged conspiracy to interfere with his civil rights. (Id.) Plaintiff also asserts state law claims for conspiracy and violation of the South Carolina Consolidated Procurement Code ("SCPC"), S.C. Code Ann. §§ 11-35-10 to 5270.[1] (Id.) This matter is before the court primarily on motions to dismiss for (1)

---

[1] The Report and Recommendation did not specifically reference or contain a recommendation regarding these alleged state law claims. (Citing ECF No. 153, p. 1 ("As far as the Court can tell, the plaintiff has only pled federal causes of action, pursuant to 28 U.S.C. §§ 1983 [sic], for a violation of his Fourteenth Amendment rights under the United States Constitution, in equal protection and due process, and 42 U.S.C. § 1985.") (citation omitted).)

1

failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (the "Rule 12(b)(6) motion(s)") by Defendants; and (2) lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (the "Rule 12(b)(1) motion(s)") by SCDOE, Brown, Covey, ED, and Smith.[2]  (ECF Nos. 111, 112, 113, 119, 140.)  Plaintiff opposes Defendants' motions to dismiss.  (ECF Nos. 144, 145, 146, 147.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling.  On February 7, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' Rule 12(b)(6) motions and dismiss the entire case with prejudice.  (ECF No. 153.)  Plaintiff filed objections to the Magistrate Judge's Report and Recommendation, asking the court to reject the recommendation and order the completion of discovery.  (ECF No. 156.)  For the reasons set forth below, the court adopts the Report and Recommendation of the Magistrate Judge and **GRANTS** Defendants' Rule 12(b)(6) motions.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A general background to this matter is provided in the following excerpt from an order issued by the South Carolina Procurement Review Panel adjudicating Plaintiff's administrative appeal:

> First Steps [County Partnerships] is a statewide program to improve school readiness among preschool children and is funded with a combination of local, state, and federal resources.  First Steps is overseen by the [South Carolina] Department [of Education], which requested [the Materials Management Office] MMO to conduct a solicitation to acquire accounting and financial management services for the program.  On April 7, 2011, MMO issued an [Request for Proposals] RFP seeking qualified vendors to provide the following services:

---

[2] In addition to the Rule 12(b)(1) and 12(b)(6) motions, there are also pending before the court motions to dismiss for Plaintiff's alleged failure to (1) state claims in numbered paragraphs pursuant to Fed. R. Civ. 10(b) by Robinson and CB&H; (2) name a party in the caption pursuant to Fed. R. Civ. P. 10(a) by SCDOE; (3) provide a short and plain statement of the claim showing that the pleader is entitled to relief pursuant to Fed. R. Civ. P. 8(a)(2) by Covey; and (4) prosecute the action under Fed. R. Civ. P. 41(b) by SCDOE.  (ECF Nos. 112, 113, 119.)

> general accounting and bookkeeping; completion of local, state, and federal tax forms; performance as the primary point of contact for all financial audits; and the management of county bank accounts and balances.  Under the terms of the RFP, the state was divided into two fiscal regions, Region 1 and Region 2.  The RFP also provided that "One contract may be awarded for the entire state (46 counties).  The [S]tate reserves the right to award one contract, two contracts, or no contracts based on the award criteria . . . and funds availability."  The initial term of the contract was one year with an option to renew for up to five years.  Thus, the maximum contract period contemplated by the RFP was from July 1, 2011, through June 30, 2016.  The RFP also contained a standard statement explaining an aggrieved offeror's right to protest under the Procurement Code.
>
> The RFP originally established an opening date of May 9, 2011, and an award notification date of May 11, 2011.  Subsequent amendments moved the opening date to May 17, 2011.  After the opening, MMO posted two notices that the award posting date had been extended pursuant to an applicable regulation [S.C. Code Ann. Regs. 19-445.2090(B)].  The second of those notices ultimately reset the award date for May 31, 2011.  On May 31, 2011, MMO posted notice of an intent to award Region 1 to CB&H and Region 2 to ED.

(ECF No. 111-2, pp. 3-4.)

On June 14, 2011, Plaintiff commenced an action pro se in this court against SCDOE, Covey, CB&H, and ED, alleging generally that he was prevented by Defendants from acquiring the First Steps' accounting contract in violation of the SCPC; 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; the Sherman Anti-Trust Act, 15 U.S.C. §§ 1-7; the Clayton Antitrust Act, 15 U.S.C. §§ 12-27; the Federal Trade Commission Act of 1914, 15 U.S.C. §§ 41-58; the Robinson-Patman Act of 1936, 15 U.S.C. § 13; and the Interstate Commerce Act of 1887, 49 U.S.C. §§ 10101-16106 (as amended).  (ECF No. 1.)  On June 20, 2011, Plaintiff filed a "complaint supplement," which was docketed as an amended complaint, to add Robinson and Smith as Defendants and to provide additional documentation in support of his allegations.  (ECF No. 5.)  In response to the allegations of Plaintiff's pro se amended complaint, motions to dismiss were filed by SCDOE on August 5, 2011; ED and Smith on

August 8, 2011; CB&H and Robinson on August 17, 2011; and Covey on August 29, 2011. (ECF Nos. 20, 27, 34, 40.)  Plaintiff filed opposition to Defendants' motions to dismiss on September 8, 2011, September 13, 2011, and September 22, 2011.  (ECF Nos. 46, 48, 51, 53.)

Thereafter, on November 18, 2011, Plaintiff moved the court for an emergency stay of the case pending the adjudication of "the matter on the merits."  (ECF No. 60.)  Plaintiff further moved the court on February 14, 2012, to recuse the Magistrate Judge, to allow him to amend his complaint, and to stay the matter.  (ECF No. 71.)  On February 29, 2012, the court entered an order that (1) dismissed with prejudice Plaintiff's § 1983 claim against the SCDOE and his Title VII claims against SCDOE and Covey (ECF Nos. 20, 40), (2) denied the motions to dismiss of CB&H and ED (ECF Nos. 27, 34), (3) denied Plaintiff's motion for recusal of the Magistrate Judge and to stay the matter (ECF No. 71), (4) granted Plaintiff's request to amend his complaint (ECF No. 72), and (5) denied as moot Plaintiff's initial motion to stay the action (ECF No. 60). (ECF No. 75.)

On June 4, 2012, Plaintiff filed a second amended complaint naming as Defendants Covey, Brown, CB&H, Robinson, ED, and Smith.  (ECF No. 104.)  Plaintiff appears to assert the following causes of action against Defendants:  (1) violation of the Equal Protection Clause, (2) violation of the Due Process Clause, (3) conspiracy under 42 U.S.C. § 1985, (4) civil conspiracy under state law, and (5) violation of the SCPC.  (Id.)  In support of these claims, Plaintiff generally alleges that he was illegally prevented from acquiring the First Steps' accounting contract because (1) the public opening date was changed several times with no explanation; (2) the evaluators' scores were tampered with; (3) the bid process, as prescribed by the SCPC, was not followed; (4) he was deprived of a fair evaluation, (5) he was refused

4

participation in the public bid opening; (6) that his bid was "not honored on the same terms and conditions embodied" in the SCPC; and (7) Defendants conspired with each other "to deny plaintiff the fruits of his efforts" by altering bids after submission, which resulted in CB&H and ED receiving the accounting contracts.  (ECF No. 104.)  In response to the allegations of Plaintiff's pro se second amended complaint, the instant motions to dismiss were filed by ED, Smith, CB&H, and Robinson on June 14, 2012; SCDOE on June 18, 2012; Covey on June 28, 2012; and Brown on August 22, 2012.  (ECF Nos. 111, 112, 113, 119, 140.)  Plaintiff filed opposition to Defendants' motions to dismiss on August 28, 2012.  (ECF Nos. 144, 145, 146, 147.)

On February 7, 2013, the Magistrate Judge issued the aforementioned Report and Recommendation wherein she recommended that the court grant Defendants' Rule 12(b)(6) motions.  (ECF No. 153.)  On February 21, 2013, Plaintiff filed objections to the Report and Recommendation, asking the court to reject the Magistrate Judge's recommendation and order the completion of discovery.  (ECF No. 156.)

## II.    LEGAL STANDARD

A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  Diamond v.

Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  See 28 U.S.C. § 636(b)(1).

B.     Dismissal for Failure to State a Claim Generally

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.  Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court must treat factual allegations of the nonmoving party as true.  Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

C.     Dismissal for Lack of Jurisdiction Generally

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(1) raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it.  Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to

one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based, or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. Id.  In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. Id. The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. Id.

D.     Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  Haines, 404 U.S. at 520.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

E.  Claims Pursuant to 42 U.S.C. § 1983

42 U.S.C. § 1983 is the vehicle by which individuals make legal claims for violations of their federal rights. See Kendall v. City of Chesapeake, 174 F.3d 437, 440 (4th Cir. 1999). To establish a cause of action under § 1983, a plaintiff must allege: (1) the violation of a right protected by the Constitution or laws of the United States, and (2) that the defendant was acting under color of law.[3] Parratt v. Taylor, 451 U.S. 527, 535 (1981).

*1.  Violation of the Equal Protection Clause:*

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no State may "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See, e.g., City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439-40 (1985); Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 818-19 (4th Cir. 1995).

To analyze whether a statute's classification violates an individual's equal protection rights, the court must first examine the nature of the classification and the type of activity regulated. In this regard, if a statute classifies a person or group by race, alienage, or national

---

[3] 42 U.S.C. § 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

origin, or if the activity impinges upon a fundamental right protected by the Constitution, the statute is subject to strict scrutiny review, and will be sustained only if the statute is narrowly tailored to serve a compelling governmental interest. City of Cleburne, 473 U.S. at 440; Morrison, 239 F.3d at 654. However, if the statute's classification is unrelated to race, alienage, or national origin, and does not affect a fundamental right, the statute generally is subject to rational basis review and will be upheld if the statute is rationally related to a legitimate governmental interest. Id.

### 2. *Violation of the Due Process Clause:*

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no State may "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Supreme Court has recognized there are three types of claims that may be brought in a § 1983 action alleging violations of the Due Process Clause. First, the Due Process Clause incorporates many of the specific protections defined in the Bill of Rights. Zinermon v. Burch, 494 U.S. 113, 125 (1990). A plaintiff may bring suit under § 1983 for state officials' violation of his rights to, e.g., freedom from unreasonable searches and seizures. Id. Second, the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." Id. (citing Daniels v. Williams, 474 U.S. 327, 331 (1986)). The Due Process Clause also encompasses a third type of protection, a guarantee of fair procedure. Id.

A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in "life, liberty, or property" without due process of law. Zinermon, 494 U.S. at 125 (citing Parratt v. Taylor, 451 U.S. at 537). A

Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). If a plaintiff can show that he was deprived of life, liberty, or property, a defendant is still entitled to summary judgment if the plaintiff is unable to show that the procedures used were constitutionally inadequate. Taylor v. City of Columbia, C/A No. 3:07–983–JFA, 2010 WL 296901, at **6-7 (D.S.C. Jan. 20, 2010).

To establish a claim of substantive due process a plaintiff must show that: (1) he had property or a property interest; (2) the State deprived him of this property or property interest; and (3) the State's action falls so far beyond the out limits of legitimate governmental action that no process could cure the deficiency. Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 827 (4th Cir. 1995). For substantive due process to apply, governmental action must be "so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protection or of adequate rectification by any post-deprivation state remedies. Rucker v. Harford Cnty., 946 F.2d 278, 281 (4th Cir. 1991).

F.     Conspiracy Pursuant to 42 U.S.C. § 1985

To state a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must prove the following: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Simmons v. Poe, 47 F.3d 1370,

1376 (4th Cir. 1995)). Moreover, the plaintiff "'must show an agreement or a meeting of the minds by [the] defendants to violate the [plaintiff's] constitutional rights.'" Id. (quoting Simmons, 47 F.3d at 1377). The court must reject § 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts. Id. Rather, the plaintiff must demonstrate with specific facts that the defendants were motivated by a specific class-based, invidiously discriminatory animus to deprive the plaintiff of the equal enjoyment of rights secured by the law to all. Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009) (quoting Simmons, 47 F.3d at 1376).

G.  State Law Claim for Civil Conspiracy

A civil conspiracy is (1) a combination of two or more persons (2) joining for the purpose of injuring the plaintiff and (3) causing special damage to the plaintiff. LaMotte v. Punch Line of Columbia, Inc., 370 S.E.2d 711, 713 (S.C. 1988) (citation omitted). "The difference between civil conspiracy and criminal conspiracy is that in criminal conspiracy the agreement or conspiracy is the gravamen of the offense, but in civil actions the conspiracy is not the gravamen of the charge, but may be both pleaded and proved as aggravating the wrong of which plaintiff complains, the gravamen of the tort being the damage resulting to plaintiff from an overt act done pursuant to the common design." Todd v. S.C. Farm Bureau Mut. Ins. Co., 278 S.E.2d 607, 611 (S.C. 1981) (citation omitted). "The conspiracy becomes actionable . . . once overt acts occur which proximately cause damage to the party bringing the action." Id.

H.  State Law Claim for Violation of the SCPC

The SCPC provides that the procedure set forth in S.C. Code Ann. § 11-35-4230 "constitutes the exclusive means of resolving a controversy between a governmental body and a

contractor or subcontractor, when the subcontractor is the real party in interest, concerning a contract solicited and awarded pursuant to the provisions of the South Carolina Consolidated Procurement Code."  S.C. Code Ann. § 11-35-4230(1).

### III. ANALYSIS

Defendants move to dismiss the claims against them.  (ECF Nos. 111, 112, 113, 119, 140.)  Plaintiff opposes Defendants' motions to dismiss.  (ECF Nos. 144, 145, 146, 147.)

A.  <u>The Report and Recommendation</u>

In the Report and Recommendation, the Magistrate Judge prefaced her conclusions with the observation that Plaintiff's pro se status did not excuse his failure to properly plead his case because he had been expressly "reminded that any Amended Complaint filed will supercede [sic], or rather replace, his previous Complaint and, therefore, should be comprehensive, including whatever allegations the plaintiff has against the remaining defendants in this case, which have not already been dismissed by the Court." (ECF No. 153, p. 3 (quoting ECF No. 87 at 2).)  In light of this prior warning to Plaintiff, the Magistrate Judge found that Plaintiff failed to state claims to relief against Defendants in the second amended complaint that were plausible on their face.  Accordingly, the Magistrate Judge concluded that the court should grant Defendants' Rule 12(b)(6) motions.

Upon review of the specific causes of action in the second amended complaint, the Magistrate Judge determined that Plaintiff's Equal Protection claim should be dismissed because "[h]e does not allege any protected classification, in race, gender, or ethnicity, as a basis for unequal protection."  (<u>Id.</u> at 5.)  In this regard, the Magistate Judge found that the second amended complaint did not contain any allegations providing the basis "upon which the plaintiff

was classified differently or treated disparately from others similarly situated." (Id.) The Magistrate Judge determined that Plaintiff's Due Process claim should be dismissed because aggrieved bidders for public contracts do not have a property interest to support a Due Process challenge. (Id. at 4 (citing Sowell's Meats & Servs., Inc. v. McSwain, 788 F.2d 226, 228 (4th Cir. 1986) (affirming district court's denial of standing to disappointed bidder in § 1983 claim because "South Carolina law does not confer a property interest on unsuccessful bidders for public contracts.")).) Finally, the Magistrate Judge recommended dismissing Plaintiff's § 1985 conspiracy claim because he fails to "show that 'some racial, or perhaps otherwise class-based, invidious discriminatory animus lay behind the alleged conspirators' action.'" (Id. at 6 (citing Smith v. Coffy, C/A No. 2:08–201–RMG, 2011 WL 2418528, at *3 (D.S.C. June 13, 2011)).) More specifically, the Magistrate Judge found that "plaintiff has barely pled any specific acts or any suspected participation of these defendants in a conspiracy that would create liability for a rigged bid." (Id. at 7.) Based on the foregoing, the Magistrate Judge recommended granting Defendants' Rule 12(b)(6) motions and dismissing Plaintiff's second amended complaint with prejudice. (Id.)

B.     Plaintiff's Objections to the Report and Recommendation

In his objections to the Magistrate Judge's Report and Recommendation, Plaintiff asserts that the Magistrate Judge did not possess either his consent or the authority/jurisdiction to adjudicate his claims and issued the Report and Recommendation in contravention of the Federal Rules of Civil Procedure. (ECF No. 156, pp. 1-3, 6.) Plaintiff further asserts that he fulfilled his pleading requirements under the Federal Rules of Civil Procedure and the Magistrate Judge's factual summary is erroneous because it takes into account matters outside of the pleadings,

thereby converting Defendants' motions to dismiss into motions for summary judgment. (Id. at 3-4, 8, 11.) In this regard, Plaintiff asserts that his Equal Protection and Due Process rights were violated because the Magistrate Judge in essence recommended granting summary judgment to Defendants without providing him the opportunity to conduct reasonable discovery, which conduct by the Magistrate Judge requires the court to discard the Report and Recommendation. (Id. at 5, 7.) Based on the foregoing, Plaintiff requests that the court deny the Report and Recommendation and order the parties to complete discovery.

C.     The Court's Review

Defendants primarily seek dismissal of Plaintiff's second amended complaint through Rule 12(b)(1) and 12(b)(6) motions. Where, as here, a challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to determine the merits of the claim pursuant to Rule 12(b)(6).[4] See Chiles v. Crooks, 708 F. Supp. 127, 130 (D.S.C. 1989) (citing Daniel v. Ferguson, 839 F.2d 1124, 1127 (5th Cir. 1988); Daigle v. Opelousas Health Care, Inc., 774 F.2d 1344, 1346–47 (5th Cir. 1985); 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.07 [2.–1] at 12–50 (2d ed. 1982)).

Therefore, after accepting the well-pleaded allegations in the second amended complaint as true and drawing all reasonable factual inferences from those facts in Plaintiff's favor, the

---

[4] The court notes that this statement also applies to the Rule 12(b)(1) motions of SCDOE, Brown, and Covey that are based on their alleged entitlement to Eleventh Amendment immunity as a state agency and individual state officers respectively. (See, e.g., ECF Nos. 119, pp. 1-2; 140-1, p. 9.) The Fourth Circuit has not resolved the question of which of the two rules, i.e., Fed. R. Civ. P. 12(b)(1) or 12(b)(6), applies to a motion to dismiss on the basis of Eleventh Amendment immunity. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 481 (4th Cir. 2005) (stating in dicta that "Eleventh Amendment immunity does not limit a federal court's subject-matter jurisdiction"); Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."). In this regard, the Supreme Court has not expressly addressed the question whether Eleventh Amendment immunity deprives the court of subject matter jurisdiction. See Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998). Therefore, the court includes Eleventh Amendment immunity as a basis for granting the Rule 12(b)(6) motions of SCDOE, Brown, and Covey.

court agrees with the Magistrate Judge that Plaintiff's factual allegations do not sufficiently state plausible federal claims for violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment. Specifically, Plaintiff fails to allege facts in his second amended complaint to support an inference that (1) he was treated differently from others similarly situated during the RFP and the alleged unequal treatment was the result of discriminatory animus in violation of the Equal Protection Clause, or (2) he had a protected property interest in the First Steps' accounting contract that Defendants deprived him of in violation of the Due Process Clause. Accordingly, Defendants are entitled to Rule 12(b)(6) dismissal of Plaintiff's claims for violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment.

The court also agrees with the Magistrate Judge that Plaintiff's factual allegations do not support a claim of a § 1985 conspiracy between Defendants to deprive Plaintiff of his constitutional right to be free from discrimination. In this regard, the court finds that Plaintiff's federal conspiracy claim consists of conclusory allegations that fail to support the conclusion that Defendants acted jointly in concert, conspired to injure Plaintiff, and committed some overt act in furtherance of the conspiracy, which actions deprived Plaintiff of a constitutional right. Therefore, Defendants are entitled to Rule 12(b)(6) dismissal of Plaintiff's § 1985 federal claim for conspiracy.

As a result of the court's disposition of Plaintiff's § 1983 and § 1985 claims, his only remaining causes of action are alleged state law claims for civil conspiracy and violation of the SCPC. The court's jurisdiction over state law claims is premised on supplemental jurisdiction. See 28 U.S.C. § 1367(a). The court may decline to exercise supplemental jurisdiction if it "has

dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995) ("The doctrine of supplemental jurisdiction indicates that federal courts generally have discretion to retain or dismiss state law claims when the federal basis for an action drops away."). "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." Shanaghan, 58 F.3d at 110. Moreover, the court has been instructed to consider the following factors when making this determination: (1) "convenience and fairness to the parties," (2) "the existence of any underlying issues of federal policy," (3) "comity," and (4) "considerations of judicial economy." Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). Upon the court's review, these factors support dismissal of Plaintiff's state law claims in this matter. Accordingly, pursuant to 28 U.S.C. § 1367(c)(3), the court dismisses without prejudice Plaintiff's state law claims for civil conspiracy and violation of the SCPC.

## IV.  CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** with prejudice Defendants' Rule 12(b)(6) motions to dismiss Plaintiff's second amended complaint alleging § 1983 claims for violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment and a § 1985 claim for conspiracy to interfere with civil rights. (ECF Nos. 111, 112, 113, 119, 140.) Because the facts alleged by Plaintiff do not give rise to a federal claim allowing him to maintain an action in this court, the court dismisses without prejudice Plaintiff's state law claims for civil conspiracy and violation of the SCPC pursuant to 28 U.S.C. § 1367(c). The remaining motions to dismiss by Defendants are **DENIED** as moot. The court adopts the Magistrate Judge's Report

and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

s/Margaret B. Seymour<br>
MARGARET B. SEYMOUR<br>
SENIOR UNITED STATES DISTRICT JUDGE

March 26, 2013
Columbia, South Carolina