IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John G. Singletary, Jr., d/b/a Singletary Tax Services, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>The South Carolina Department of )<br>Education (First Steps), Russell )<br>Brown, Dan Covey (Procurement )<br>Officer), Cherry Bekaert & Holland )<br>LLP, Alan Robinson, Elliot Davis, )<br>LLC, Laurie Smith, all collectively )<br>and Individually and others to be )<br>named, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 3:11-01449-MBS<br><br><br><br><br><br><br>**ORDER AND OPINION** |

This matter is before the court by way of a pro se motion filed by Plaintiff John G. Singletary, Jr., d/b/a Singletary Tax Services ("Plaintiff"), pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b) motion"), seeking relief from an order of the court filed on March 26, 2013 (the "March Order"). (ECF No. 163.) In the March Order, the court granted motions to dismiss by Defendants The South Carolina Department of Education ("SCDOE"), Russell Brown ("Brown"), Dan Covey ("Covey"), Cherry Bekaert & Holland LLP ("CB&H"), Alan Robinson ("Robinson"), Elliot Davis, LLC ("ED"), and Laurie Smith ("Smith") (collectively "Defendants"), and dismissed Plaintiff's second amended complaint. (See ECF No. 160.) For the reasons stated below, the court denies Plaintiff's Rule 60(b) motion.

1

## I. RELEVANT BACKGROUND TO PENDING MOTION[1]

On June 4, 2012, Plaintiff filed a second amended complaint, asserting the following causes of action against Brown, Covey, CB&H, Robinson, Smith, and ED: (1) violation of the Equal Protection Clause, (2) violation of the Due Process Clause, (3) conspiracy to interfere with civil rights under 42 U.S.C. § 1985, (4) civil conspiracy under state law, and (5) violation of the South Carolina Consolidated Procurement Code ("SCPC"), S.C. Code Ann. §§ 11-35-10 to 5270 SCPC. (ECF No. 104.) In support of these claims, Plaintiff generally alleged that he was illegally prevented from acquiring an accounting contract with First Steps County Partnerships[2] because (1) the public opening date was changed several times with no explanation; (2) the evaluators' scores were tampered with; (3) the bid process, as prescribed by the SCPC, was not followed; (4) he was deprived of a fair evaluation; (5) he was refused participation in the public bid opening; (6) that his bid was "not honored on the same terms and conditions embodied" in the SCPC; and (7) Defendants conspired with each other "to deny plaintiff the fruits of his efforts" by altering their bids after submission, which resulted in CB&H and ED receiving the accounting contracts. (Id.) In response to the allegations of Plaintiff's second amended complaint, motions to dismiss pursuant to Fed. R. Civ. 12(b)(6) were filed by ED, Smith, CB&H, and Robinson on June 14, 2012; SCDOE on June 18, 2012; Covey on June 28, 2012; and Brown on August 22, 2012. (ECF Nos. 111, 112, 113, 119, 140.) Plaintiff filed opposition to Defendants' motions to dismiss on August 28, 2012. (ECF Nos. 144, 145, 146, 147.)

---

[1] The March Order contains a thorough recitation of the relevant factual and procedural background of the matter and is incorporated herein by reference.

[2] First Steps County Partnerships is a statewide program to improve school readiness among preschool children and is funded with a combination of local, state, and federal resources. (ECF No. 111-2, pp. 3-4.) First Steps is overseen by the South Carolina Department of Education. (Id.)

2

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On February 7, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' Fed. R. Civ. P. 12(b)(6) motions and dismiss the entire case with prejudice. (ECF No. 153.) On February 21, 2013, Plaintiff filed objections to the Report and Recommendation, asking the court to reject the Magistrate Judge's recommendation and order the completion of discovery. (ECF No. 156.) Thereafter, the court issued the March Order, granting Defendants' motions to dismiss and dismissing Plaintiff's second amended complaint. (ECF No. 160.)

On April 29, 2013, Plaintiff filed the instant Rule 60(b) motion, asserting that subsections 3 and 4 of Fed. R. Civ. P. 60(b) afford him relief from the March Order. (ECF No. 163.) ED and Smith filed opposition to Plaintiff's Rule 60(b) motion on May 8, 2013, and Covey filed opposition on May 16, 2013. (ECF Nos. 164, 166.) Plaintiff filed additional documentation in support of his Rule 60(b) motion on May 14 and 20, 2013. (ECF Nos. 165, 167.)

## II.  LEGAL STANDARD

A.     Rule 60 Motion for Relief from a Judgment or Order

Fed. R. Civ. P. 60(b) allows a party to obtain relief from a final judgment based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or

otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203-4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313.

   1. *Fed. R. Civ. P. 60(b)(3)*

Under Fed. R. Civ. P. 60(b)(3), a district court can relieve a party from an adverse judgment due to "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). A Fed. R. Civ. P. 60(b)(3) motion will be granted if: (1) the moving party has a meritorious defense; (2) the misconduct is proved by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. Columbia Commc'n Corp. v. Echostar Satellite Corp., 2 F. App'x 360, 366 (4th Cir. 2001) (citing Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994)). In this regard, Fed. R. Civ. P. 60(b)(3) provides the court with an avenue for revisiting judgments that were obtained unfairly, not judgments which the moving party merely believes were erroneous. Schultz, 24 F.3d at 630.

   2. *Fed. R. Civ. P. 60(b)(4)*

Under Fed. R. Civ. P. 60(b)(4), a district court can vacate an otherwise final order if "the judgment is void." Fed. R. Civ. P. 60(b)(4). An order is void for purposes of Fed. R. Civ. P. 60(b)(4) only if the court rendering the decision lacked subject matter jurisdiction. United States v. Hartwell, 448 F.3d 707, 722 (4th Cir. 2006). In this regard, "only when the jurisdictional error

4

is egregious will the courts treat the judgment as void." Id.

B.   Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the court to liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Haines, 404 U.S. at 520. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   ANALYSIS

A.   The Arguments of the Parties

In his Rule 60(b) motion, Plaintiff asserts that the court did not possess subject matter jurisdiction to issue the March Order because he never voluntarily consented to proceeding before the Magistrate Judge. (ECF No. 163 at 1-2.) Specifically, Plaintiff complains that the Magistrate Judge acted in violation of the Constitution by denying Plaintiff's right to engage in discovery and the opportunity to develop his case. (ECF No. 163 at 1.) Plaintiff further complains that the Magistrate Judge allowed Defendants to support their motions to dismiss with fraudulent data while failing to consider Plaintiff's evidence. (Id.) Accordingly, because the court did not have jurisdiction, Plaintiff argues that the March Order is void and he is entitled to the relief requested pursuant to Fed. R. Civ. P. 60(b)(3) and (4). (Id. at 2, 4.)

ED, Smith, and Covey oppose Plaintiff's Rule 60(b) motion, asserting that Plaintiff's

motion does not state sufficient grounds for relief under Fed. R. Civ. P. 60(b)(3) or (4).[3]  (ECF Nos. 164 at 2 & 166 at 2-4.)  ED and Smith further assert that Plaintiff's Rule 60(b) motion should be dismissed because it only rehashes "the same arguments that were made or could have been made prior to judgment."  (ECF No. 164 at 2-3 (citing Gray v. Stevenson, 2012 WL 1977916, at  *1 (D.S.C. June 1, 2012) ("Furthermore, Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.")).)

In reply, Plaintiff reiterates that the court possessed defective jurisdiction because he did not consent to the Magistrate Judge's jurisdiction over the matter.  (ECF No. 167 at 1.) Moreover, without Plaintiff's consent, the Magistrate Judge did not have the authority to deny Plaintiff the opportunity to engage in discovery and fully present his case.  (Id.)  Therefore, Plaintiff requests that the court stay the proceedings, deny summary judgment, and grant him relief from the March Order.  (Id. at 2.)

B.     The Court's Review

Plaintiff seeks relief under Fed. R. Civ. P. 60(b) on the basis that the court was without jurisdiction to issue the March Order because he never provided his consent to proceeding before the Magistrate Judge.  Upon review of Plaintiff's Rule 60(b) arguments, the court finds that the grounds as stated, without more, are insufficient to warrant granting him relief from the March Order under subsections 3 or 4 of Fed. R. Civ. P. 60(b).  In this regard, Plaintiff is unable to establish either misconduct by Defendants or that an egregious jurisdictional error has occurred. Accordingly, Plaintiff's Rule 60(b) motion is without merit and should be denied.

---

[3] Covey further asserts that any other challenges to the March Order (*i.e.*, a motion under Fed. R. Civ. P. 59 or an appeal) are time-barred.

## IV. CONCLUSION

For the reasons set forth above, the court hereby **DENIES** with prejudice the Rule 60(b) motion of Plaintiff John G. Singletary, Jr., d/b/a Singletary Tax Services, seeking relief from the order entered in this matter on March 26, 2013.

**IT IS SO ORDERED**.

                                        s/Margaret B. Seymour
                                        MARGARET B. SEYMOUR
                                        SENIOR UNITED STATES DISTRICT JUDGE

June 6, 2013
Columbia, South Carolina